■ In the Matter of the Claim of RICHARD FERRAIOLI, Respondent. ISADOR LUBIN, as Industrial Commissioner, Appellant.— The Industrial Commissioner appeals from a determination of the Unemployment Insurance Appeal Board affirming a Referee's decision which modified the initial determination of the Industrial Commissioner. The Industrial Commissioner originally ordered the claimant to repay $217.50 and penalized him 188 effective days for willfully misrepresenting that he had been totally unemployed for a period of time when in fact he had worked during nine of the weeks for which he had received benefit checks. The Referee modified some findings, reduced the amount to $210 and reduced the penalty to 28 effective days. The facts of claimant's unemployment and misrepresentation are unimportant since the claimant does not appeal and the Industrial Commissioner challenges not the findings and conclusions of the Referee and Appeal Board but only their power to act. On November 9, 1956, the Industrial Commissioner issued his "initial determination" requiring the refund and assessing the penalty. Claimant did not request a hearing on this determination until February 1, 1957, two days after the Department of Labor notified him that it would commence legal proceedings to recover the amount due. The Referee excused the failure to request a hearing within 20 days on the ground that claimant had, prior to the November 9 determination, "expressed his disagreement with" the initial determination, this expression being "tantamount to a request for hearing;" the Referee also noted that "The full consequences of the initial determination were not brought home to claimant until more than 20 days after the mailing

of the formal notice." The November 9 notice specifically mentioned that the request for hearing must be made within 20 days and claimant's request for a hearing stated that claimant knew his request was late. The Unemployment Insurance Law (Labor Law) (§ 620) provides in part as follows: "1. Disputed claims for benefits (a) A claimant who is dissatisfied with an initial determination of his claim for benefits * * * may, within twenty days after the mailing or personal delivery of notice of such determination, request a hearing." Rule 2 of the Appeal Board provides in part (3 N. Y. Off. Comp. of Codes, Rules & Regulations, p. 799): "A claimant who is dissatisfied with an initial determination * * * may, pursuant to section 620, subdivision 1, of the law, request a hearing before a referee within 20 days after the mailing or personal delivery of such initial determination. The request for such hearing shall be filed at the local office. The request shall be in writing and shall state the reasons for such request." Section 594 of the Unemployment Insurance Law authorizes the penalties for willful false statements and requires the return of benefits paid by reason of those statements. It does not specifically authorize the Industrial Commissioner to assess the penalties and order repayment; neither does the above-quoted section (§ 620, subd. 1, par. [a]) specifically apply to administrative appeals from determinations of the Industrial Commissioner ordering repayment and assessing penalties; it refers only to "disputed claims for benefits". The courts have, however, treated section 594 as authorizing an initial determination by the commissioner in penalty and repayment proceedings and section 620 (subd. 1, par. [a]) as authorizing review of such a determination by the Referee and Appeal Board (*Matter of Horvatt* [*Corsi*], 275 App. Div. 442 [3d Dept., 1949], affd. 300 N. Y. 704 [1950]). The question, therefore, is whether section 620 (subd. 1, par. [a]) makes the determination of the Industrial Commissioner final if the claimant does not "request a hearing" within 20 days after delivery or mailing of notice of the initial determination to him. The reasons, mentioned above, for the Referee allowing a late hearing are not important as we find there was no request for a hearing within 20 days in conformity with the statutory mandate of section 620 (subd. 1). Therefore, the Referee has no authority to hear the case. Decision of the Appeal Board reversed and the initial determination of the Industrial Commissioner reinstated, without costs. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.