■ In the Matter of the Claim of HELEN COHEN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 3, 1975, which rescinded its prior decision, filed October 24, 1974, and affirmed the decision of a referee holding that he was without jurisdiction to rule on the initial determination of the Industrial Commissioner because the claimant's request for a hearing was untimely. It is undisputed in this case that notice of the initial determination disqualifying claimant was mailed to her address of record on June 26, 1974. Claimant alleges that she was away on vacation and that her husband was at home only briefly. Although the claimant's testimony is that as soon as she actually received the determination she immediately filed for an appeal, nevertheless, the referee was without the power to entertain a hearing. The claimant must request a hearing before the referee within 30 days after the mailing of the notice of the Industrial Commissioner (Labor Law, § 620, subd 1). This court has previously held that, if the request for a hearing is not made within the time limitations of the statutory mandate of subdivision 1 of section 620 of the Labor Law, the referee has no authority to entertain the matter (Matter of Ricci [Catherwood], 29 AD2d 589; Matter of Merkson [Catherwood], 24 AD2d 675; Matter of Ferraioli [Lubin], 7 AD2d 819). Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.

■ In the Matter of the Claim of EDITH LUBARSKY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 7, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits upon the ground she was unavailable for employment. Availability for employment is a question of fact for resolution by the board and if its findings thereon are supported by substantial evidence the determination must be